THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Eric Smith<br><br>　　　　　Plaintiff,<br>v.<br>Julie Winkler, et al.<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER TEMPORARILY GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>Case No. 1:26-cv-6 DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is pro se Plaintiff Eric Smith's Motion for Leave to Proceed in forma pauperis (IFP).[1] Because Plaintiff seeks "prospective declaratory relief" in "ongoing state proceedings in the Second Judicial District"[2] in Utah, the court will Temporarily Grant the IFP Motion and Order Plaintiff to file an Amended Complaint on or before February 6, 2026.

## BACKGROUND

Pro se Plaintiff Eric Smith is a "party to state proceedings in which a final custody decree providing for joint legal and physical custody was entered."[3] Following the decree, a protective order was entered with alleged constitutionally insufficient findings and the Utah State Court imposed certain filing restrictions. These restrictions allegedly "chill and burden Plaintiff's right

---

[1] ECF No. 2.

[2] Complaint at 2, ECF No. 1.

[3] Id. at 3.

to petition the courts."[4] Plaintiff brings claims for denial of access to courts, procedural due process, ultra vires administrative practices affecting family integrity, and municipal liability. Plaintiff seeks no damages and no injunction against any state proceeding. Rather, Plaintiff requests the court declare certain things, such as, that imposing or enforcing prospective filing restrictions without prior notice violates the First and Fourteenth Amendments, and allowing a Guardian ad Litem authority over a child absent jurisdictional findings and notice, violates procedural due process.

## DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis*. Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5]

Under Rule 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[6] The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[7] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the

---

[4] *Id.*

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[6] Fed. R. Civ. P. 8.

[7] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

allegations show that Plaintiff is entitled to relief.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[9]

Here, Plaintiff's Complaint has multiple flaws. First, it seeks prospective declaratory relief for ongoing state proceedings. Thus, the *Younger* abstention doctrine would bar Plaintiff's suit. Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action.[10] The Supreme Court in *Younger* held that a federal court should not enjoin an ongoing state criminal court proceeding, and the doctrine has been expanded to include administrative and civil actions.[11]

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[12] There are three elements required for abstention to apply. These are:

> (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[13]

---

[8] *Id.*

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 557, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[10] *Younger v. Harris*, 401 U.S. 37 (1971).

[11] *Aanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) cert. denied, 523 U.S. 1005 (1998).

[12] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[13] *Amanatullah*, 187 F.3d at 1163 (quoting Taylor v. Jaquez, 126 F.3d at 1297 (citation modified)).

All the *Younger* abstention factors appear present here. First, the state court proceedings are ongoing. Second, the state proceedings provide an adequate forum to hear Plaintiff's claims. Finally, "regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States."[14] The state has a strong interest in regulating marriage, divorce, child custody, and related disputes. Utah state interests are compelling and thus *Younger's* third factor is satisfied.

Next, the doctrine of judicial immunity applies. Plaintiff seeks to bring claims against Judge Bean, a district judge in Utah's Second Judicial District. It is well-settled that judges are shielded with absolute immunity from lawsuits for money damages based on their judicial action, including suits pursuant to 42 U.S.C. § 1983, and for lawsuits based on state law.[15] The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[16] The fact that Plaintiff does not seek monetary relief does not save his claims against Judge Bean.

Third, to establish liability under *Monell*, a plaintiff must show "(1) the existence of a municipal custom or policy and (2) a direct casual link between the custom or policy and the violation alleged."[17] Municipal liability can be based on (1) a formal regulation or policy statement, (2) an informal custom that amounts to a "widespread practice that, although not authorized or written by law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law,'" (3) the decisions of employees with final

---

[14] *United States v. Windsor*, 570 U.S. 744, 766 (2013) (citation modified).

[15] *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189–90 (10th Cir. 2008).

[16] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871).

[17] *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997).

policymaking authority, or (4) "the ratification by such final policymakers of the decision—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval."[18] Plaintiff's Complaint is void of the facts needed to establish liability under *Monell*.

Finally, Plaintiff's Complaint fails to meet the Rule 8 requirements. Under Rule 8 a pleading is to identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[19] Broad allegations, or a complete lack of how a defendant caused harm is insufficient.

## **CONCLUSION**

For the reasons state above,

1. Plaintiff's Motion to Proceed IFP is temporarily GRANTED.[20]

2. Plaintiff is ORDERED to file an Amended Complaint by **February 6, 2026.** The words "Amended Complaint" should appear in the caption of the document.

3. Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an Amended Complaint and court forms (for example, the email filing and electronic notification form for unrepresented parties and the consent to jurisdiction of a Magistrate Judge form), Plaintiff must not file any other documents during the time the complaint is screened or until the court orders

---

[18] *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010).

[19] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[20] ECF No. 2.

otherwise. If Plaintiff files any other such documents, they will be lodged on the docket and will not be addressed until screen of the complaint is completed.

5.   Failure to file a timely Amended Complaint that remedies the deficiencies set forth above will result in dismissal of this action.

DATED this 21 January 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah